No. 02-4047

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
SEP 18 2003
LEONARD GREEN, Clerk

KEITH COLLINS, )
)
    Plaintiff-Appellant, )
)
GLORIA COLLINS, )
)
    Plaintiff, )
)
v. ) ORDER C-1-00-594
)
VILLAGE OF NEW VIENNA, et al., )
)
    Defendants-Appellees. )
)

INFORMATION COPY
MANDATE NOT YET ISSUED
DIS. CT. # 00-594

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.
This notice is to be prominently displayed if this decision is reproduced.

Before: KRUPANSKY, BOGGS, and CLAY, Circuit Judges.

Keith Collins appeals a district court grant of summary judgment for defendants in this civil rights action filed, inter alia, under 42 U.S.C. § 1983. The parties have expressly waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

The facts indicate that the New Vienna Village Council voted four to one to abolish the position of Village Administrator held by Collins on February 16, 1998, after Collins was involved in a political dispute involving the mayor, members of council, the Chief of Police, and the Clerk/Treasurer. Collins alleges that the voting process was flawed under state law, and that the vote followed other harassment by village officials when they failed to renew his contract, verbally harassed and interrogated him in public, investigated his job performance, and made derisive

comments about him to foil his application for a job as County Administrator. In addition, Collins alleges that some of the original defendants, against whom he gave notice of voluntary dismissal of the complaint, attempted to file a false sexual harassment complaint against him. After abolishing Collins' job as Village Administrator, defendants allegedly continued to harass him by having him escorted to his office by police to retrieve personal property, leaving his work computer on public display marked as police evidence, not giving him federally required benefits information, charging him with having an improper septic system at his home, directing police to patrol near his home and shine spotlights at the home, and removing his towing company from the list of companies hired for Village business.

Keith Collins and his wife, Gloria Collins, filed the instant complaint in the district court, alleging that the individual defendant local government officials harassed them and abolished Keith Collins's position as Village Administrator in retaliation for his exercise of his First Amendment right to freedom of speech. The complaint named as defendants the Village of New Vienna and seven current and former village officials and sought only compensatory and punitive damages. The parties consented to trial of the case before the magistrate judge, and defendants subsequently moved the court for a partial summary judgment based in part on a qualified immunity defense. Plaintiffs moved the court to stay defendants' motion pending discovery and for leave to file an amended complaint. The court denied defendants' motion without prejudice, subject to renewal after completion of discovery, and granted in part plaintiffs' motion for leave to file an amended complaint.

Defendants appealed from the district court's interlocutory order that denied without prejudice their motion for a partial summary judgment. While that appeal was pending, plaintiffs filed their amended complaint. Plaintiffs later filed a notice of voluntary dismissal of their complaint with respect to all defendants except the Village of New Vienna, its former mayor Brown and former council member Cluxton. Next, this court vacated the order and remanded the case for

a ruling on the merits of defendants' motion for partial summary judgment. *Collins v. Vill. of New Vienna*, No. 01-3168, 2002 WL 193941 (6th Cir. Feb. 6, 2002) (unpublished).

On remand, plaintiffs submitted a response in opposition to defendants' motion for partial summary judgment, and defendants filed a reply. The district court granted defendants' motion for summary judgment with respect to plaintiffs' federal claims [1], reasoning, in pertinent part, that the individual defendants were entitled to absolute immunity in abolishing Keith Collins' position as Village Administrator. The parties have expressly waived oral argument in this case.

On appeal, Collins contends that the district court erred when it concluded that the individual defendants are entitled to absolute legislative immunity in abolishing his former position as Village Administrator. Defendants respond that there is no genuine issue of material fact and that the district court's judgment was proper. Upon de novo review, *see Brooks v. Am. Broad. Cos.*, 932 F.2d 495, 500 (6th Cir. 1991), we affirm the judgment for the reasons stated by the district court in its order granting partial summary judgment to defendants.

Crediting Collins's allegations as true, the district court correctly concluded that the individual defendants are entitled to absolute legislative immunity for the act of abolishing the position of Village Administrator, the only issue raised on appeal. The Supreme Court clearly has determined that local legislators are absolutely immune from liability for legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998); *Canary v. Osborn*, 211 F.3d 324, 329 (6th Cir. 2000). The determination of whether an act was legislative depends upon the nature of the act without regard to the motive or intent of the officials involved. *Bogan*, 523 U.S. at 54-55; *Canary*, 211 F.3d at 329-30. In *Bogan*, the Court concluded that defendant local officials were entitled to absolute immunity where they abolished plaintiff's job by passing a city ordinance with prospective implications beyond the current employee, despite evidence that the act was retaliatory and

---

[1] Keith Collins was granted an extension of time in which to file his notice of appeal. We therefore have appellate jurisdiction in this case. See Fed. R. App. P. 4(a)(5)(A).

No. 02-4047
- 4 -

specifically targeted at plaintiff. 523 U.S. at 55-56. Here, the individual defendants' acts fell well within the Court's holding in *Bogan*.

Finally, Collins's contention on appeal that his claim falls within this court's holding in *Canary*, lacks merit. In *Canary*, this court affirmed a district court interlocutory order that held that individual school board members were not entitled to legislative immunity when they voted against renewal of an assistant principal's contract, which plaintiff alleged was in retaliation for protected "whistleblowing." 211 F.3d at 324-25. However, this court agreed that board members were not entitled to immunity because their vote against renewal of plaintiff's contract was not legislative in nature where their vote (1) constituted a personnel action involving a personalized assessment of an individual employee rather than mere budgetary considerations, (2) did not involve a true termination of plaintiff's position, and (3) did not have prospective budgetary implications beyond the current jobholder. *Id.* at 330-31. Even crediting plaintiff's assertions as true, the district court correctly concluded that defendants' act herein was legislative in nature. Defendants passed an ordinance that abolished plaintiff's position, but the ordinance did not engage in an individual assessment of plaintiff's performance, and it had future implications beyond plaintiff's employment. Under these circumstances, the district court correctly concluded that defendants act of abolishing the position of Village Administrator fell within the Supreme Court's holding in *Bogan*.

For the foregoing reasons, the district court's order is affirmed.

ENTERED BY ORDER OF THE COURT

_____
Clerk